SHARTSIS FRIESE LLP
JOSEPH V. MAUCH (Bar #253693)
jmauch@sflaw.com
KAJSA M. MINOR (Bar # 251222)
kminor@sflaw.com
One Maritime Plaza, Eighteenth Floor
San Francisco, CA 94111-3598
Telephone: (415) 421-6500
Facsimile: (415) 421-2922

McANDREWS, HELD & MALLOY, LTD.
PETER J. MCANDREWS (*pro hac vice* application forthcoming)
JAMES P. MURPHY (*pro hac vice* application forthcoming)
ANNA M. TARGOWSKA (*pro hac vice* application forthcoming)
500 West Madison Street, 34th Floor
Chicago, Illinois 60661
Telephone: (312) 775-8000
pmcandrews@mcandrews-ip.com

Attorneys for Plaintiff
TQ DELTA, LLC



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In Re* SUBPOENAS TO **Intel Corporation** <br><br> Served in related cases: <br><br> *TQ Delta, LLC v. Adtran Inc.*, D. Del. Case Nos. 14-cv-00954, 15-cv-00121; <br><br> *TQ Delta, LLC v. Zhone Technologies, Inc.*, D. Del. Case No. 13-cv-1836-RGA; <br><br> and <br><br> *TQ Delta, LLC v. ZyXEL Communications, Inc. and ZyXEL Communications Corp.*, D. Del. Case no. 13-cv-02013-RGA | Misc. Case No. CV 17 80099 MISC. <br><br> **PLAINTIFF TQ DELTA'S NOTICE OF MOTION AND ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL** |

Case No.            ADMINISTRATIVE MOTION TO FILE UNDER SEAL

1    Pursuant to Federal Rule of Civil Procedure 26(c) and this Court's Civil Local Rules 7-11 and 79-5, Plaintiff TQ Delta, LLC hereby moves to file the following documents under seal:

    1.    Un-redacted version of TQ Delta's Memorandum And Points Of Authorities In Support Of Plaintiff TQ Delta's Motion To Compel And To Enforce Subpoenas To Intel Corporation (the "MPA"); and

    2.    Un-redacted version of Declaration of Anna M. Targowska, *Esq.* in Support of Motion to Compel Out-Of-District Subpoenas on Intel Corporation ("Targowska Declaration"); and

    3.    Exhibits 4, 5, 6, 13, 21, 24, 25, 29, 31, 33, 34, 39, 41, 44, 45, 46 and 47 to the Targowska Declaration; and

    4.    Un-redacted version of Declaration Of Elizabeth M. Rudnick In Support Of Plaintiff TQ Delta's Motion To Compel And To Enforce Subpoenas To Intel Corporation dated July 25, 2017 ("Rudnick Declaration") including Appendix A to the Rudnick Declaration.

## I.   INTRODUCTION

Certain identified portions of TQ Delta's Memorandum of Points and Authorities in Support of its Motion to Compel Subpoenas to Intel Corporation ("MPA"), and the exhibits and documents listed above, contain information that has been designated as Confidential or Highly Confidential by Intel or by a party to related patent infringement litigations in the District of Delaware, from which Court the subpoenas to Intel were issued. In the underlying patent infringement cases pending in Delaware, the Court entered a general Protective Order, and a separate Protective Order For Non-Party Intel's Protected Information ("Intel Protective Order"). A copy of the Intel Protective Order is attached to the Declaration of James P. Murphy In Support of TQ Delta's Administrative Motion to File Under Seal ("Murphy Decl.") as Exhibit A. A copy of the general Protective Order entered in one of the Delaware Cases (which is identical in all three cases) is attached to the Murphy Decl. as Exhibit B. Pursuant to those confidentiality designations, Intel and those Defendants represent, pursuant to those Protective Orders, that such information, if released to the public, could cause competitive harm.

For the reasons outlined below and set forth in the Declaration of James P. Murphy filed

-1-

Case No.    ADMINISTRATIVE MOTION TO FILE UNDER SEAL

1 herewith, the documents identified above should be sealed.

**II.    ARGUMENT**

Rule 26(c) of the Federal Rules of Civil Procedure gives the Court broad discretion to permit sealing documents for the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). A court's records are not to be used "as sources of business information that might harm a litigant's competitive standing," and the presumption of public access to information may be overcome by the Court's power to prevent its records from being used as a "vehicle for improper purposes." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). When documents are submitted in connection with a dispositive motion, those documents should be sealed when "compelling reasons" exist for protecting information from public disclosure. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006).

**TQ Delta's Memorandum And Points Of Authorities**

Compelling reasons exist to seal the un-redacted version of TQ Delta's Memorandum And Points Of Authorities, because that document includes information that has been designated as Confidential or Highly Confidential by Intel or by a party to the related patent infringement litigations in Delaware. As such, TQ Delta is required to refrain from filing the un-redacted version, and must file any document containing such information under seal.

**Targowska Declaration**

Compelling reasons exist to seal the un-redacted version of the Declaration of Anna M. Targowska, *Esq.* in Support of TQ Delta's Motion to Compel Out-Of-District Subpoenas on Intel Corporation ("Targowska Declaration"), because paragraphs 55, 69, 72, 78 and 81 of the Targowska Declaration include and/or quote information that has been designated as Confidential or Highly Confidential by Intel or by a party to the related patent infringement litigations in Delaware. As such, TQ Delta is required to refrain from filing the un-redacted version, and must file any document containing such information under seal.

**Exhibits to Targowska Declaration**

Compelling reasons exist to seal Exhibits 4, 5, 6, 13, 21, 24, 25, 29, 31, 33, 34, 39, 41,

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

44, 45, 46 and 47 to the Targowska Declaration. Those documents include and/or comprise information that has been designated as Confidential or Highly Confidential by Intel or by a party to the related patent infringement litigations in Delaware, as further explained in the Murphy Declaration. As such, TQ Delta is required to file any such documents under seal.

**Rudnick Declaration and Appendix**

Compelling reasons exist to seal the un-redacted version of the Declaration of Elizabeth M. Rudnick ("Rudnick Declaration"). The Rudnick Declaration contains references to and characterizations about documents produced by Intel that have been designated by Intel as Confidential or Highly Confidential, and also includes quotes from such Intel documents and references to specific products and technical files and documents names. TQ Delta believes that such information would be covered by the Protective Orders in place in the Delaware Cases. As such, TQ Delta is required to file any such documents under seal.

Finally, compelling reasons exist to seal the Appendix A to the Rudnick Declaration. The appendix is comprised nearly entirely of information designated by Intel as Confidential and/or Highly Confidential. As such, TQ Delta is required to file such document under seal.

Courts regularly seal confidential strategic business documents. *See* Fed. R. Civ. Proc. 26(c)(1)(G) (permitting sealing of "a trade secret or other confidential research, development, or commercial information"); *Network Appliance v. Sun Microsystems Inc.*, Case No. C-07-06053, 2010 U.S. Dist. LEXIS 21721, at *8 (N.D. Cal. Mar. 10, 2010) (sealing "internal information regarding [defendant's] business strategies and opportunities"); *see also TriQuint Semiconductor, Inc. v. Avago Techns. Ltd.*, Case No. CV 09-531, 2011 U.S. Dist. LEXIS 143942, at *9, *18, *19 (D. Ariz. Dec. 13, 2011) (granting motions to seal a variety of types of information, including "spreadsheet tracking information regarding potentially competitive products[;]…information regarding its business strategy with regard to its corporate direction, the development of certain products, product sourcing, product competitiveness, and market and technological opportunities and risks[;]…information regarding its product-specific pricing, target prices, price proposals, and price forecasts[;]…[and] internal strategy regarding how best to win sales at specific customers, how to address customer concerns, which products individual

1  customers are interested in, identifying information about customers, negotiations with
2  customers, and how to manage specific customer relationships.").

### III. CONCLUSION

For the foregoing reasons, and the reasons identified in the concurrently filed Murphy Decl., TQ Delta respectfully requests that the Court grant its request to file the above documents under seal and order that the narrowly tailored portions remain under seal.

This Motion is based on this Notice, and the Declaration of James P. Murphy, Esq. filed herewith, and any matters this Court may or must judicially notice.

Pursuant to Local Rule 79-5(d), attached hereto are the following:

(A) A Declaration of James Murphy in support of this motion to seal the material listed above;

(B) A proposed order;

(C) A redacted version of the MPA sought to be filed under seal;

(D) An unredacted version of the MPA sought to be filed under seal;

(E) A redacted version of the Targowska Declaration sought to be filed under seal;

(F) An unredacted version of the Targowska Declaration sought to be filed under seal;

(G) A redacted version of the Rudnick Declaration sought to be filed under seal; and

(H) An unredacted version of the Rudnick Declaration sought to be filed under seal.

Respectfully submitted,

Dated: July 28, 2017            SHARTSIS FRIESE LLP

By _____
JOSEPH V. MAUCH

Attorneys for Plaintiff
TQ DELTA, LLC

-4-
Case No.            ADMINISTRATIVE MOTION TO FILE UNDER SEAL