UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE SUBPOENAS TO INTEL CORPORATION, | Case No. 4:17-mc-80099-KAW<br><br>**ORDER VACATING 12/7/17 HEARING ON MOTION TO COMPEL; ORDER REQUIRING THE PARTIES TO FILE A SECOND JOINT LETTER**<br><br>Re: Dkt. No. 48 |

On November 22, 2017, the parties filed a joint letter to inform the Court of the remaining documents TQ Delta still seeks to compel in light of the voluminous production that occurred after the motion was filed. (Joint Letter, Dkt. No. 48.) Therein, Intel informed the undersigned of a pending motion for summary judgment in Delaware that, if granted, would moot the pending motion due to a license that would presumably preclude infringement. (Joint Letter at 3.) Instead of addressing this point, and potentially providing a reason why the hearing should go forward despite the pending motion(s), TQ Delta simply objected to the argument being raised in the joint letter. (Joint Letter at 2.) Upon review of the redacted motion for summary judgment in *TQ Delta, LLC v. ADTRAN, Inc.*, and by not having the benefit of TQ Delta's position, the Court assumes that the motion is representative of motions filed in the other related cases. *See* Mot. for Summary J. on the License Issue, *TQ Delta, LLC v. ADTRAN, Inc.*, 14-cv-00954-RGA (D. Del. Oct. 26, 2017), ECF No. 245. Thus, at this juncture, while the undersigned declines to deny the motion to compel without prejudice, the Court VACATES the December 7, 2017 hearing in order to obtain additional information on the Delaware proceedings.

Accordingly, the parties are ORDERED to file a joint letter on or before December 14, 2017, to address the following:

1. Which of the Delaware cases have similar motions for summary judgment, and would the pending motion(s), if granted, would resolve the instant discovery dispute? If the motion(s) would not resolve the instant dispute in its entirety, the parties shall explain which requests and which types or categories of documents would remain at issue.
2. Whether the motion(s) for summary judgment are set for hearing, and, if so, when they are scheduled to be heard.
3. The effect of the stay of the cases as to the '430 patent, the '412 patent, and the '956 patent, entered on November 30, 2017, on the pending motion to compel. *See* Stipulation to Partially Stay the Case, *TQ Delta, LLC v. ADTRAN, Inc.*, 14-cv-00954-RGA (D. Del. Nov. 30, 2017), ECF No. 261. If the stay impacts the pending motion to compel, the parties must explain how the stay narrows or otherwise affects the dispute.

Upon receipt of the joint letter, the Court will determine whether a hearing should be scheduled in January 2018 or if a hearing on the motion should, in the interests of judicial economy, be continued until the district court in Delaware rules on the pending motion(s) for summary judgment and/or the stay is lifted.

IT IS SO ORDERED.

Dated: December 5, 2017

KANDIS A. WESTMORE
United States Magistrate Judge

2