1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE SUBPOENAS TO INTEL
CORPORATION,

Case No. 4:17-mc-80099-KAW

**ORDER REGARDING 5/3/18 JOINT LETTER**

Re: Dkt. No. 75

On May 3, 2018, TQ Delta and Intel filed a joint letter concerning the location and the amount of time to depose Intel's Rule 30(b)(6) witnesses. (Joint Letter, Dkt. No. 75 at 1.)

### A.  Location of the Deposition

Non-party Intel wants to produce corporate witnesses residing in Germany, because the accused products are supplied by its German subsidiary. (Joint Letter at 3.) Apparently, TQ Delta is unable to take a deposition in Germany at this time, because the act of taking a deposition in Germany at locations other than the U.S. Consulate is a crime, and the Consulate is not currently scheduling depositions. (Joint Letter at 2.)  As a result, TQ Delta seeks an order compelling Intel to produce a witness in the United States, even if it is not an employee of the German subsidiary, because it contends that Intel is obligated to prepare a witness who can testify in the United States. *Id.* at 1.

In opposition, Intel argues that it is a non-party and that the source code at issue is complicated, so it unreasonable to expect Intel to educate another witness on the technical topics. *See id.* at 3. As a non-party, Intel has "an affirmative duty to prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources." *Wultz v. Bank of China Ltd.*, 298 F.R.D. 91, 99 (S.D.N.Y. 2014)(quoting *Rahman v. Smith &*

*Wollensky Rest. Group, Inc.*, 2009 WL 773344, at \*1 (S.D.N.Y. Mar. 18, 2009)). This is not a situation, however, where it is reasonable to educate another witness on the technical source code at issue. Intel is willing, however, to educate a witness on the non-technical topics, and have that deposition in the United States. *Id.* Intel has also offered to hold the depositions in Prague, which is a four hour drive from Munich, Germany, in a hotel or office, if the U.S. Consulate in Germany does not become available. (Joint Letter at 4.) This is reasonable. It is undisputed that TQ Delta cannot compel a specific witness to travel to the United States, and that Rudi Frenzel is Intel's primary technical witness. (*See* Joint Letter at 2-3.) Moreover, Intel is not a party, and TQ Delta's arguments that Intel is a party in interest for all practical purposes and that Intel's counsel also represents Adtran in Delaware are unavailing. (Joint Letter at 2.) The Court also does not believe that the warning from the U.S. Embassy regarding bar admission is relevant, because the advisory appears to relate to legal assistance arising from matters in the Czech Republic rather than pending litigation in the United States. *See id.*

Accordingly, the undersigned denies TQ Delta's request to compel the production of a corporate witness to testify on the technical topics in the United States. The parties shall meet and confer regarding scheduling the technical depositions in Prague should the U.S. Consulate in Germany remain unavailable. TQ Delta is entitled to take the non-technical depositions in the United States, but the parties are ordered to meet and confer regarding whether it is a better use of resources to conduct those depositions in the United States or in Europe.

### B. Length of Deposition

TQ Delta requests leave of court for additional time to depose Intel's Rule 30(b)(6) designees. (Joint Letter at 4.) Specifically, TQ Delta requests two 7-hour days for the technical topics and one 7-hour day for the remainder of the topics. *Id.* Intel has offered one 7-hour day for the technical topics, and a half day for the non-technical topics. (Joint Letter at 5.) Additionally, Intel requests a standby interpreter, because English is not the first language of its witnesses, although they are fluent in English. *Id.* Intel does not believe that this should unduly lengthen the duration of the depositions, and so the presence of an interpreter does not justify additional time. *Id.*

1    The Courts grants TQ Delta leave for one additional 7-hour day, which may be used on

2    either technical or non-technical topics, which amounts to a total of 14 hours.  The undersigned

3    further grants Intel's request for a standby interpreter without an allowance of additional time.

4         IT IS SO ORDERED.

5    Dated: May 14, 2018

6                                                                KANDIS A. WESTMORE
7                                                                United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California